### 24037. LEE *v.* THE STATE.

DECIDED OCTOBER 16, 1934.

*F. M. Gleason,* for plaintiff in error.
*James F. Kelly,* solicitor-general, *J. Ralph Rosser,* contra.

BROYLES, C. J. The indictment in this case was drawn under section 14 of the motor-vehicle act of 1927 (Ga. L. 1927, p. 237; Michie's 1930 Supplement to Park's Code of Georgia, § 1770 (60 n)), which reads as follows: "*In case of accident.* In case of accident to any person or damage to any property upon the public street or highway, due to the operation of a motor-vehicle, tractor,

or trailer thereon, the operator of such machine shall immediately stop, and, upon request of the person injured or sustaining damage thereby, or of any other person present, give such person his name and address, and if he is not the owner of such vehicle, then in addition the name and address of the owner thereof, and further he shall render such assistance as may be reasonable or necessary." The indictment charged Lawrence Lee "with the offense of misdemeanor, for that the said Lawrence Lee did on the 21st day of January, 1934, in the county aforesaid [Walker county], unlawfully and with force and arms, did then and there unlawfully, while operating a certain Dodge automobile on McFarland Avenue in Rossville, Ga., did then and there run and drive his said automobile over and against an automobile driven [by?] H. C. Osburn in said avenue, thereby damaging the said automobile of H. C. Osburn, and hurting and injuring one Mrs. Sallie Watts, which injury and damage to said automobile and the person of Mrs. Sallie Watts was due to the operation of the said Dodge car and automobile driven by the accused as aforesaid, and then and there hitting and striking said automobile as aforesaid [and] did then and there unlawfully fail and refuse to stop, and upon request of the persons injured and sustaining damages thereby and any other person present and give his name and address and the name of the said automobile accused was driving, contrary to the laws of said State, the good order, peace and dignity thereof."

The act upon which the indictment was based applied only in case of an "accident," whether that word as used in the act should be construed broadly or narrowly, and the indictment was subject to the demurrer interposed which pointed out that the indictment failed to allege that the accused accidentally drove the automobile against the other car. Furthermore, that portion of the indictment which charged that the accused failed and refused to give the name of the automobile that he was driving was subject to the demurrer presented. The other grounds of the demurrer are without substantial merit. The court erred in overruling the two foregoing grounds of the demurrer, and that error rendered the further proceedings in the case nugatory.

*Judgment reversed. MacIntyre, J., concurs. Guerry, J., concurs specially.*

GUERRY, J., concurring specially. The intentional driving of an automobile against a car occupied by another may be an assault and battery or a greater crime. The purpose of the particular statute is to afford the injured person or owner a means of identification as to the person causing the injury.